Dogra Law Group PC
Shalini Dogra (SBN 309024)
*shalini@dogralawgroup.com*
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170
*Attorneys for Named Plaintiff LISA HICKOX and Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Case No:

LISA HICKOX, individually on behalf of herself and all others similarly situated;

      Plaintiff,

      v.

PFIZER, INC., a New York Corporation; and DOES 1 through 50, Inclusive,

      Defendants.

**<u>PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

1. COMMON LAW FRAUD

2. INTENTIONAL MISPRESENTATION

3. NEGLIGENT MISREPRESENTATION

4. UNJUST ENRICHMENT

5. CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *et seq.*

6. VIOLATION OF THE FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*

7. VIOLATION OF THE UNFAIR COMPETITION LAW ("UCL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 *et seq.*

**<u>DEMAND FOR JURY TRIAL</u>**

      Plaintiff Lisa Hickox, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against Pfizer, Inc. ("Pfizer") and Does 1 through 50.

Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1.     This is a consumer class action that arises out of Pfizer's deceptive advertising Pfizer perpetuated for its Covid-19 Vaccine, and its Covid-19 Bivalent booster ("the Products").

2.     Through its uniform marketing and advertising scheme for the Products, Pfizer deliberately misrepresented the efficacy, benefits, risk and approval level of the Products. In reality, the findings Pfizer used to obtain FDA approval for the Products failed to adhere to legitimate testing protocol and wholly lacked data integrity.

3.     Plaintiff seeks relief in this action individually and on behalf of all individuals who obtained a dose of the Products statewide in California for common law fraud, intentional and negligent misrepresentation, and unjust enrichment. Additionally, Plaintiff seeks relief in this action individually and on behalf of all individuals who received injections of the Products in California for violation of the California Bus. & Prof. Code §§17500, *et seq.*, California's False Advertising Law ("FAL"), and Bus. & Prof. Code §§17200, *et seq.*, California's Unfair Competition Law ("UCL").

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and, at least one class member is a citizen of a state different from Defendants. Additionally, more than two-thirds of the members of the class reside in states other than those in which Defendants are citizens and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5.     This Court has personal jurisdiction over Defendant Pfizer because Defendant Pfizer conducts business in and throughout the State of California. Furthermore, the

wrongful acts alleged in this complain were committed by Defendant Pfizer in and among other venues of California.

6.     Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District. Moreover, Defendants distributed, advertised and sold the Products, which is the subject of the present Complaint, in this District.

## PARTIES

7.     Plaintiff is a resident of California, and lives within the Northern District of California.

8.     Defendant Pfizer is a corporation headquartered in the State of New York, with a principal place of business located at 66 Hudson Boulevard, New York, NY 10001. Defendant Pfizer manufactures, mass markets, and distributes the Products throughout California and the United States. Likewise, Defendant Pfizer controls and oversees the advertising, marketing of the Products on a California-wide and nationwide basis. Moreover, Pfizer manages the patent application and federal approval for the Products.

9.     Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.    Plaintiff reserves her right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.     Flaws in Pfizer's testing methodology included: "falsified data, unblinded patients,  inadequately trained vaccinators, and [impermissibly delayed] follow up on adverse events reported in Pfizer's pivotal phase III trial." BMJ 2021;375:n2635 *http://dx.doi.org/10.1136/bmj.n2635 (*Nov. 2. 2021). Additionally, researchers who oversaw

Pfizer's tests failed to implement sufficient quality control checks. *Id*. Other shortcomings in the tests  Pfizer conducted for the Products include: "participants paced in hallway after injection and not being monitored by clinical staff; lack of timely follow up of patients who experienced adverse events, protocol deviations not being reported, vaccines not being stored at proper temperatures, mislabeled laboratory specimens" and whistleblowing retaliation against researchers who spoke up about Pfizer's improper testing methodology. *Id*.  Notably, Pfizer knew that about the flaws in the Products' testing and had notice that results and findings about the Products were rife with inaccuracies. *Id*. Hence, the results that Pfizer disseminated about the Products lacked reliability and validity.  And yet Pfizer deliberately relied on its skewed and faulty test results to secure FDA approval, and to make misleading claims about the Products. The Products do not actually possess the health advantages that Pfizer markets. Moreover, the Products did not merit the FDA approval that Pfizer illegitimately obtained for them.

12.  Additionally, Pfizer's suppressed information about the danger that the bivalent booster version of the Products posed for senior citizens. Goodman, Brenda, "*CDC identifies possible safety issue with Pfizer's updated Covid-19  vaccine but says people should still get boosted*" (Jan. 13, 2023).  The CDC's vaccine monitoring systems have found that "seniors who got [Pfizer's] bivalent booster might be more likely to have ischemic strokes within the first three weeks after their shots, compared with weeks four through six." *Id*.  The CDC's findings and the CDC monitoring system's data  show that Pfizer has a tendency of using poor testing standards, as well as a habit of concealing the Products' risks.  Likewise, the CDC monitoring system's findings demonstrate that Pfizer has a penchant for cutting corners when it comes to testing the Products' health impact.

13.  By selling coronavirus vaccines with falsified test results and undeserved FDA approval, Pfizer ended up and continues to violate California's Consumer Legal Remedies Act ("CLRA"), as well as other State consumer protection statutes, in several ways. Pfizer has made, and continues to make false, deceptive and misleading claims and promises to consumers about the legitimacy, approval level and compliance status of the Products in a

pervasive, statewide and nationwide marketing scheme Accordingly, Pfizer's actions violate sections 1770(a)(2), (a)(3), (a)(5), (a)(7), (a)(9), and (a)(16) of the CLRA. Furthermore, Pfizer is liable for fraud and unjust enrichment, in addition to the CLRA violations detailed herein.

14.   As a direct and proximate result of Pfizer's violations of the CLRA, Plaintiff and members of the Plaintiff Class received doses of the Products they otherwise would not have chosen. Indeed, quantified evidence of profits Pfizer made at the expense of unsuspecting consumers already exists. Pfizer reaped billions of dollars in revenue at the expense of innocent consumer after receiving public taxpayer funds to derive the Products in the first place. Hiltzik, Michael, "*Moderna and Pfizer are jacking up the price of COVID vaccines. The government should stop them,*" (Jan. 24, 2023). That is, Pfizer relied on money from public consumers to develop the Products, and then turned around and gleaned billions of dollars in ill-gotten earnings from those very individuals.

15.   Plaintiff is a Northern District of California resident who received doses of the Products in 2021 and 2022. Plaintiff obtained the Products' doses in reliance upon the challenged advertising claims without knowledge of the fact that Pfizer had relied on fabricated information and falsified test result to obtain approval for the vaccines. Plaintiff used the Products as instructed and would not have acquired doses of the Products if she had known that the advertising as described herein was false, misleading, and deceptive. Plaintiff actually relied on Pfizer's misrepresentations and suffered injuries as a result.  If the Products were advertised truthfully, Plaintiff would consider paying for them and/or receiving additional doses of the Products in the future. Members of the public are likely to be deceived here, just as Plaintiff was tricked by Pfizer's misrepresentations. When reasonable consumers see a vaccine is available for the public to use, they reasonably assume the vaccine has legitimately obtained all the necessary federal approvals, including truthful patents, reliable and valid studies regarding effectiveness, and funding approval.   Pfizer knew and should have known that their marketing of the Products was deceptive, since Pfizer controls how the Products are marketed, produced,  distributed and advertised.

Overall, the Products' advertising is false, misleading and likely to deceive and confuse members of the public.

16.     As a direct and proximate result of Pfizer's violation of the CLRA, Plaintiff and the Class obtained units of the Products they otherwise would not have acquired. Therefore, they are entitled to restitution of monies to be determined at trial. Moreover, Pfizer continues to engage in its deceptive practices and is still furthering a misleading marketing scheme for the Products. Hence, the putative class continues to enter into transactions and expend money in reliance upon the uniformly false and misleading claims of both vaccines.

## **RULE 9(B) ALLEGATIONS**

17.     Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirement of Rule 9(b) by establishing the following elements with sufficient particularity:

18.     WHO: Pfizer made material misrepresentations and omissions of fact in the labelling, and marketing of the Products.

19.     WHAT: Pfizer made material misrepresentations and omissions of fact by labelling and marketing the Products as having approval level and compliance status they did not have, including misrepresentations about their test results, safety and efficacy. Pfizer's misrepresentations and omissions were material because a reasonable consumer would not have opted to get Products, or would have been less likely to choose either vaccine, if he or she knew that they contained false representations.

20.     WHEN: Pfizer made the material misrepresentations and omissions detailed herein continuously throughout the Class Period, including throughout 2021 and 2022, when Plaintiff was tricked into obtaining doses of the Products.

21.   <u>WHERE</u>: Pfizer's material misrepresentations and omissions were made, *inter alia*, on the labelling of the Products, on Pfizer's website, and throughout Pfizer's various other marketing and advertising scheme for the Products.

22.   <u>HOW</u>: Pfizer made written misrepresentations and failed to disclose material facts on the labelling and marketing of the Products and on their website and other advertising. Pfizer failed to tell consumers that that the Products lacked their advertised approval level and compliance status.

23.   <u>WHY</u>: Pfizer engaged in the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to choose and/or pay a premium for the Products . Additionally, by fabricating the Product's test results, Pfizer bolstered its ability to engage in eventual price-gouging and to cut out competitors. Pfizer profited by administering the Products to millions of unsuspecting consumers statewide in California, as well as nationwide.

## CLASS ACTION ALLEGATIONS

24.   Plaintiff brings this class action on behalf of herself individually and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3).  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this class action on behalf of herself individually and all others similarly situated statewide in California. Plaintiff seeks to represent a class a comprised of all persons in California who, on or after February 27, 2019, in California, (the "Class Period") received a dose of the Products for personal use and not for resale or distribution.

25.   Excluded from the Class are Pfizer, its affiliates, employees, officers and directors, any individual who received remuneration from Pfizer in connection with that individual's use or endorsement of the Products, the Judge(s) assigned to this case, and the attorneys of record in this case.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

26.   This action is properly brought as a class action for the following reasons:

PLAINTIFF'S CLASS ACTION COMPLAINT

(a) The members in the proposed class are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.

(b) Plaintiff stands on equal footing with and can fairly and adequately protect the interests of all members of the proposed class. All units of the Products bear Pfizer's false advertising labels and the deceptive marketing occurs simultaneously with the dissemination of units of the Products. Thus, every individual consumer who receives a dose of the Products is exposed to the false advertising. Pfizer has, or has access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify himself or herself as having a right to recover based on the description.

(c) Plaintiff will fairly and adequately represent and protect the interests of the class, has no interest incompatible with the interests of the class, and has retained counsel competent and experienced in class actions, consumer protection, and false advertising litigation, including within the context of consumer protection class actions. Plaintiff's attorneys have the experience, knowledge, and resources to adequately and properly represent the interests of the proposed class. Plaintiff will have no interests antagonistic to those of other proposed class members, and she has retained attorneys experienced in consumer class actions and complex litigation as counsel.;

(d) Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is so small, that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to

individual members of the class and thus establish incompatible standards of conduct for the party or parties opposing the class. Further, individual cases would be so numerous as to inefficiently exhaust judicial resources. Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.;

(e) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members.  Such questions of law and fact common to Plaintiff and the class include, without limitation:

  i. Whether Pfizer was unjustly enriched by its conduct;

  ii. Whether Class Members suffered an ascertainable loss as a result of Pfizer's misrepresentations;

  iii. Whether, as a result of Pfizer's misconduct as alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relieve and/or monetary relief, and if so, the amount and natural of such relief;

  iv. Whether Pfizer made any statement it knew or should have known were false or misleading;

  v. Whether Pfizer maintained a longstanding marketing policy, practice and strategy of labeling, advertising and selling the Products with the misrepresentations about their approval and compliance level.

  vi. Whether the utility of Pfizer's practices, if any, outweighed the gravity of the harm  to their victims;

  vii. Whether Pfizer's conduct violated public policy, included as declared by specific constitutional, statutory, or regulatory provisions;

  viii. Whether Pfizer's conduct or any of their practices violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500

*et seq.,* the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, or any other regulation, statute or law;

    ix.  The proper equitable and injunctive relief;

    x.  The proper amount of restitution or disgorgement;

    xi.  The proper amount of reasonable litigation expenses and attorneys' fees;

(f) Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same practices of Pfizer. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories. Plaintiff's claims are typical of class members' claims, as they are based on the same underlying facts, events and circumstances relating to Pfizer's conduct.;

(g) As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(b)(4).

## FIRST CAUSE OF ACTION

### Common Law Fraud

27.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

28.    Plaintiff brings this claim individually and on behalf of the members of her proposed Class.

29.    As discussed above, Pfizer provided Plaintiff and the Class Members with false or misleading material information and failed to disclose material facts about the Products, including but not limited to the fact that neither type of vaccine actually had advertised federal approval or compliance level.

30.    The misrepresentations and omissions made by Pfizer, upon which Plaintiff the Class Members reasonably and justifiably relied, were intended to induce and actually

induced Plaintiff and Class Members to obtain the Products, which resulted in ill-gotten pecuniary gains for Pfizer.

31.  The fraudulent actions of Pfizer caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation

32.  Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

33.  Plaintiff brings this claim individually and on behalf of the members of her proposed Class.

34.  Pfizer represented to Plaintiff and other class members that important facts were true. More specifically, Pfizer represented to Plaintiff and the other class members through their advertising and labelling scheme for the Products, including misrepresentations about their efficacy and federal approval.

35.  Pfizer's representations were false. Pfizer knew that the misrepresentations were false when they made them, or Pfizer made the representations recklessly and without regard for their truth. Pfizer intended that Plaintiff and other class members rely on the representations.

36.  Plaintiff and the other class members reasonably relied on Pfizer's representations.

37.  Plaintiff and the other class members were financially harmed and suffered other damages, including but not limited to, emotional distress. Pfizer's misrepresentations and/or nondisclosure were the immediate cause of Plaintiff and the other class members receiving doses of the Products. Plaintiff's and the other class members' reliance on Pfizer's representations was the immediate cause of the financial loss and other injuries (of the type that would naturally result from learning that you received a medicine that actually lacked its advertised approval and effectiveness level) sustained by Plaintiff and the other class members.

38. In absence of Pfizer's misrepresentations and/or nondisclosure, as described above, Plaintiff and the other class members, in all reasonable probability, would not have chosen the Products.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation

39. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the proposed Class against Pfizer.

41. As discussed above, Pfizer systematically marketed misrepresentations about the Products' effectiveness and federal compliance. Pfizer had a duty to disclose this information.

42. At the time Pfizer made these misrepresentations, Pfizer knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity.

43. At an absolute minimum, Pfizer negligently misrepresented or negligently omitted material facts about the Products. The negligent misrepresentations and omissions made by Pfizer, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to obtain doses of the Products. Plaintiff and Class Members would not have received doses of either one of these two vaccines if they had known the true facts.

44. The negligent actions of Pfizer caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

45. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

PLAINTIFF'S CLASS ACTION COMPLAINT

46.     Plaintiff brings this claim individually and on behalf of the proposed Class against Pfizer.

47.     Plaintiff and Class Members conferred benefit on Pfizer by opting to receive doses of the Products.

48.     Pfizer has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' receipt of the Products. Retention of those moneys under these circumstances is unjust and inequitable because the Products are falsely advertised. Pfizer's false advertising and deceptive advertising marketing for the Products, resulted in consumers being denied the full benefit of their transaction.

49.     Because Pfizer's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Pfizer must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

## FIFTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq.*

50.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

51.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

52.     The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

53.     Defendants are each a "person" under the CLRA. Cal. Civ. Code §1761 (c).

54.     Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

55.     the Products constitute a "good" under the CLRA. Cal. Civ. Code §1761 (a).

56.     Plaintiff and the putative Class Members' receipt of the Products within the Class Period constitute "transactions" under the CLRA. Cal. Civ. Code §1761 (e).

57.     Pfizer's actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

58.     Pfizer's failure to label and market the Products in accordance with California labeling requirements constitutes an unfair, deceptive, unlawful and unconscionable commercial practice.

59.     Pfizer's actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(2),1770(a)(3), 1770(a)(5), 1770(a)(7), 1770 (a)(9), and 1770(a)(16).

60.     As a result of Pfizer's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses due to Pfizer's unlawful labeling and marketing of the Products, which they would not have incurred had the Products been labeled and marketed correctly.

61.     Pursuant to § 1782 of the CLRA Plaintiff notified Pfizer in writing of the particular violations of § 1770 of the CLRA, and demanded Pfizer rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected consumers of their intent to do so. On or about February 27, 2023, Plaintiff sent Pfizer a notice and demand letter, notifying Pfizer of its violations of the CLRA and demanding that within 30 days, Pfizer remedy the unlawful, unfair, false, and/or deceptive practices complained of herein. Plaintiff advised Pfizer that if it refused the demand, Plaintiff would seek monetary damages for herself and all others similarly situated, as well as injunctive relief, restitution, and any other relief the Court may deem just and proper. Pfizer has failed to comply with the letter. Consequently, pursuant to California Civil Code §1782, Plaintiff, on behalf of herself and all other members of the Class, seeks compensatory damages and restitution of any ill-gotten gains due to Pfizer's acts and practices that violate the CLRA.

62.     Pfizer has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30

days of receipt of the Cal. Civ. Code § 1782 notice.  Thus, Plaintiff seeks actual damages and punitive damages for violations of the Act.

63.     In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

64.     Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17500, *et seq*.

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

66.     Pfizer engaged in unfair and deceptive acts and practices, in violation of the California Business and Professions Code § 17500 *et seq*., by marketing and/or selling the Products without disclosure of material fact about the Products. These acts and practices, as described above, have deceived Plaintiff and other class members, causing them to lose money as herein alleged and have deceived and are likely to deceive the consuming public, in violation of those sections. Accordingly, Pfizer's business acts and practices, as alleged herein, have caused injury to Plaintiff and the other class members.

67.     As detailed above, Pfizer had a duty to disclose the Products' true approval level because this information reflected material facts of which Pfizer had exclusive knowledge. Pfizer actively concealed these material facts and Pfizer made partial representations about the Products but suppressed some material facts. Pfizer's misrepresentation and/or nondisclosure of the material fact was the immediate cause of Plaintiff and the other class members obtaining doses of the Products.  In the absence of Pfizer's misrepresentation and/or nondisclosure of facts, as described above, Plaintiff and other class members would not have received doses of the Products.

68.     Plaintiff and the other class members are entitled to relief, including full

restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Pfizer as a result of such business acts or practices, and enjoining Pfizer to cease and desist from engaging in the practices described herein.

### SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq.*

69.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

70.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice."  Cal. Bus & Prof. Code § 17200.

### A.    "Unfair" Prong

71.    Pursuant to California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid," *or* "the utility of the defendant's conduct is outweighed by the gravity of the harm to the alleged victim.

72.    Pfizer's actions of engaging in false and deceptive advertising, marketing, labeling, and of the Products do not confer any benefit to consumers.

73.    Pfizer's actions of advertising, marketing, labeling, and the Products in a false, deceptive and misleading manner cause injuries to consumers because the consumers do not receive vaccines commensurate with their reasonable expectation.

74.    Pfizer's actions of advertising, marketing, labeling, and the Products in a false, deceptive and misleading manner cause injuries to consumers because the consumers do not receive the benefits they reasonably expect from the Products.

75.    Pfizer's actions of advertising, marketing, and labeling the Products in a false, deceptive and misleading manner cause injuries to consumers because the consumers end up acquiring a vaccine that was of a lower quality than what they reasonably were expecting and sought.

76.    Consumers cannot avoid any of the injuries caused by Pfizer's false, misleading

and deceptive labeling, advertising, and marketing of the Products,

77.    Accordingly, the injuries caused by Pfizer's activity of advertising, marketing, and labeling the Products in a false, deceptive and misleading manner outweigh any benefits.

78.    Here, Pfizer's conduct of advertising, labeling and marketing the Products in a false, deceptive, and misleading manner has no utility and financially harms class members and members of the public.  Thus, the utility of Pfizer's conduct is vastly outweighed by the gravity of harm.

79.    Pfizer's labeling, marketing, and advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

80.    Pfizer knew or should have known of their unfair conduct.

81.    As alleged in the preceding paragraphs, the misrepresentations by Pfizer detailed above constitute an unfair business practice within the meaning of California Business and Professions Code § 17200.

82.    There were reasonable available alternatives to further Pfizer's legitimate business interests, other than the conduct described herein. Pfizer could have marketed, labeled, and advertised the Products truthfully, without any dishonest claims their compliance level and efficacy.

83.    All of the conduct alleged herein occurs and continues to occur in Pfizer's business. Pfizer's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

84.    Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court enjoining Pfizer from continuing to engage, use, or employ their practice of advertising, labeling and marketing the Products in an untruthful manner.  Likewise, Plaintiff and the Class seek an order requiring Pfizer to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Pfizer by means of responsibility attached to Pfizer's failure to disclose the existence and significance of said misrepresentations in an amount to be

determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Pfizer as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

85.   As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiff and the Class Members have suffered injury and actual out-of-pocket losses as a result of Pfizer's violation of the unfair prong of the UCL because Plaintiff and the Class would not have chosen to receive doses of the Products if they had known the truth regarding their efficacy, safety and falsified studies.

**B.   "Fraudulent" Prong**

86.   California Business and Professions Code § 17200, *et seq.,* considers conduct fraudulent and therefore prohibits said conduct if it is likely to deceive members of the public.

87.   Pfizer's marketing, labeling, and advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct. As alleged in the preceding paragraphs, the misrepresentations by Pfizer detailed above constitute a fraudulent business practice in violation of California Business & Professions Code § 17200 because they are likely to, and did indeed, deceive members of the public.

88.   Pfizer knew or should have known of their fraudulent conduct.

89.   There were reasonable available alternatives to further Pfizer's legitimate business interests, other than the conduct described herein. Pfizer could have labeled, advertised, and marketed the Products accurately.

90.   All of the conduct alleged herein occurs and continues to occur in Pfizer's business. Pfizer's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

91.   Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court requiring Pfizer to cease the acts of fraudulent

competition alleged herein.  Likewise, Plaintiff and the Class seek an order requiring Pfizer to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Pfizer by means of responsibility attached to Pfizer's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Pfizer as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

92.    As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiff and the Class Members have suffered injury and actual out-of-pocket losses as a result of Pfizer's violation of the fraudulent prong of the UCL because Plaintiff and the Class would not have opted to get does of the Products if they had known the truth regarding these vaccines' efficacy and actual approval level.

## C.    "Unlawful" Prong

93.    California Business and Professions Code § 17200, *et seq.,* identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable."

94.    Pfizer's labeling and marketing of the Products, as alleged in the preceding paragraphs, violates California Civil Code § 1750, *et. seq.,* and California Business and Professions Code § 17500, *et. seq.* Pfizer's labeling and marketing of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.  Pfizer has violated the "unlawful prong" by violating, the State's FAL (Cal. Bus. & Prof. Code § 17500 *et seq.)* and CLRA (Cal. Civ. Code §1770 *et. seq*.).

95.    Pfizer knew or should have known of their unlawful conduct.

96.    As alleged in the preceding paragraphs, the misrepresentations by Pfizer detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code § 17200.

97.     There were reasonable available alternatives to further Pfizer's legitimate business interests, other than the conduct described herein.

98.     All of the conduct alleged herein occurred and continues to occur in Pfizer's business. Pfizer's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

99.     As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiff and the Class Members have suffered injury and actual out-of-pocket losses as a result of Pfizer's violation of the unlawful prong of the UCL because Plaintiff and the Class would not have obtained doses of the Products if they had known the truth about how Pfizer falsified approval and implemented testing methods that lacked reliability and validity.

100.    Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Plaintiff and the Class are therefore entitled to an order requiring Pfizer to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Pfizer as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.      This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B.      For an order declaring the Pfizer's conduct violates the statutes referenced herein;

C.      That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

PLAINTIFF'S CLASS ACTION COMPLAINT

1   D.   That the Court awards Plaintiff and proposed class members the costs of this
2        action, including reasonable attorneys' fees and expenses;

3   E.   For an order enjoining Pfizer from continuing to engage in the unlawful
4        conduct and practices described herein;

5   F.   That the Court awards equitable monetary relief, including restitution and
6        disgorgement of all ill-gotten gains, and the imposition of a constructive trust
7        upon, or otherwise restricting the proceeds of Pfizer's ill-gotten gains, to ensure
8        that Plaintiff and proposed class members have an effective remedy;

9   G.   That the Court awards pre-judgment and post-judgment interest at the legal
10       rate;

11  H.   That the Court orders appropriate declaratory relief; and

12  I.   That the Court grants such other and further as may be just and proper.

13                              **JURY DEMAND**
14
              Plaintiff demands a trial by jury on all issues so triable.
15

16  Dated:      July 28, 2023        **DOGRA LAW GROUP PC**
17
18                          By: _____
19                              SHALINI DOGRA, ESQ.
                                Attorney for Plaintiff
20                              LISA HICKOX

21

22

23

24

25

26

27

28